**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALCOLM BURBANK, | No. 15-35760 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00292-RMP |
| v. | |
| KIRSTJEN NIELSEN, Secretary, Department of Homeland Security; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 5, 2017[**]
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[***] Chief
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for
the Southern District of Texas, sitting by designation.

Plaintiff Malcolm Burbank appeals the district court's decision dismissing this action under Federal Rule of Civil Procedure 12(b)(6). We vacate the district court's order, remand, and instruct the district court to dismiss the action for lack of jurisdiction.

1. We lack—and the district court lacked—jurisdiction to review Plaintiff's statutory claims. The Immigration and Nationality Act ("INA") clearly precludes judicial review of the Secretary's "no risk" determinations because those determinations fall within the Secretary's "sole and unreviewable discretion." 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Because each of Plaintiff's statutory claims challenges <u>how</u> the Secretary exercises that discretion, this court lacks jurisdiction to review them. <u>City of Rialto v. W. Coast Loading Corp.</u>, 581 F.3d 865, 872–73 (9th Cir. 2009).[1]

2. We lack—and the district court lacked—jurisdiction to review Plaintiff's claim regarding his fundamental right to marry. Assuming, without deciding, that the INA permits us to review colorable constitutional claims, Plaintiff's substantive due process claim is not a colorable one. A non-citizen's deportation does not violate his or her family's substantive due process rights. <u>Morales-Izquierdo v. Dep't of Homeland Sec.</u>, 600 F.3d 1076, 1091 (9th Cir. 2010), <u>overruled in part on</u>

[1] The government argues that Plaintiff waived a number of his statutory claims. Because those claims, too, are unreviewable, we need not consider whether Plaintiff waived them.

other grounds by <u>Garfias-Rodriguez v. Holder</u>, 702 F.3d 504 (9th Cir. 2012) (en banc). Holding otherwise here would undermine Congress' plenary power over immigration. <u>Landon v. Plasencia</u>, 459 U.S. 21, 32 (1982).

**VACATED and REMANDED with instructions.** The parties shall bear their own costs on appeal.